```
                                              FILED
                                           JUL 15 2005
                                    UNITED STATES BANKRUPTCY COURT
                                    EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-24131-C-7 |
| ) | |
| Marjorie J. Story, ) | DC No. PDM-1 |
| ) | |
|      Debtor. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtor filed this voluntary chapter 7 petition on April 11, 2005. She scheduled real property commonly known as 7630 Sunwisper Lane, Sacramento, California ("the property") as an asset of the estate. The property was scheduled as exempt in

the amount of $50,000. The chapter 7 trustee filed a report finding that there was property available for distribution from the estate over and above that exempted by debtor.

On June 13, 2005, Bank of America, N.A. ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to commence foreclosure proceedings against the property.

The motion and declaration establish that the debtor owes the movant approximately $203,857.80. Movant asserts that an additional lien in favor of Wells Fargo encumbers the property in the amount of $50,000. The value of the property is approximately $275,000. Under movant's calculations, debtor has $21,142.20 worth of equity.

On June 28, 2005, debtor filed a declaration in response to movant's motion, wherein she asserts that Wells Fargo approved an equity loan that she never used, and as a result, the balance on the loan is $0.00. Using debtor's calculation, she has equity in the property in excess of $74,0000.

## Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the

```
 1 │ debtor does not have equity in the property, § 362(d)(2)(A),
 2 │ and the property is not necessary to an effective
 3 │ reorganization.  § 362(d)(2).
 4 │     Because debtor has equity in the property in excess of
 5 │ $21,000 under either her or movant's calculations, the motion
 6 │ will be denied as to the debtor.
 7 │     Although the trustee filed an asset report, no opposition
 8 │ to the motion was filed.  As such, the motion will be granted
 9 │ as to the trustee.
10 │     An appropriate order will issue.
11 │     Dated: July 15, 2005
```

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Marjorie J. Story
14709 N E 4th PL
Bellevue, WA 98007

Danny Moore
1007 7th Street, #306
Sacramento, CA 95814

Michael Burkart
5150 Fair Oaks Blvd #101-185
Carmichael, CA 95608

Office of the United States Trustee
United States Courthouse
501 I St., Suite 7-500
Sacramento, CA  95814

Dated: 7/15/05

*M. Anderson*
*M. Anderson*
———————————————
Deputy Clerk